IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**WINSTON R. IRONS,**

Petitioner,

**v.**

Civil Action No.: 2:14CV90
Criminal Action No.: 2:12CR16
(BAILEY)

**UNITED STATES OF AMERICA,**

Respondent.

## REPORT AND RECOMMENDATION THAT § 2255 MOTION BE DENIED

### I.    INTRODUCTION

On November 24, 2014, Petitioner Winston R. Irons ("Petitioner"), acting *pro se*,

filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a

Person in Federal Custody. ECF. No. 147.[1] On July 14, 2015, the Government was

ordered to respond. ECF No. 155. On October 9, 2015, the Government filed  its

Response. ECF No. 160. On November 19, 2015, Petitioner filed his Reply. ECF No.

162. On June 27, 2016, Petitioner filed a Motion to file an Addendum to his Motion to

Vacate requesting relief under Johnson v. United States, 135 S.Ct. 2551 (2015). ECF

No.170. The Court granted Petitioner's request by paperless order directing the

Government to file a response to the addendum. ECF No. 171. On July 20, 2016, the

Government filed its response. ECF No. 174.

The matter is now before the undersigned United States Magistrate Judge for a

Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B)

---

[1] Throughout this Report and Recommendation, all ECF numbers refer to entries in the
docket of Criminal Action No. 2:12CR16.

and LR PL P 2. The court has considered the record in this case and applicable authority to determine whether an evidentiary hearing is needed to resolve the matters before the court. The court finds that the existing record clearly shows that petitioner is not entitled to relief on his claims and that an evidentiary hearing is not needed. The court will therefore proceed without an evidentiary hearing.  For the reasons set forth below, the undersigned recommends that the Petition and Pro Se Motion be denied.

## II.   <u>BACKGROUND</u>

### A.   Conviction and Sentence

On May 1, 2012, Petitioner was named by a federal grand jury in a two-count indictment with a forfeiture allegation. ECF No. 1. Petitioner was charged in Count One with possession with Intent to Distribute Cocaine in violation of 18 U.S.C. § 841(a)(1) and in Count Two with Possession with Intent to Distribute Less than 50 Kilograms of Marijuana in violation of 18 U.S.C. § 841(a)(1). Petitioner proceeded to trial, and on August 1, 2012, was convicted on all counts. ECF No. 81. Defendant was sentenced on October 23, 2012, to 240 months' incarceration on Count One and 60 months' incarceration on Counts Two, all to run concurrently with credit for time served since December 26, 2011. Additionally, the district court sentenced Defendant to serve a term of three (3) years of supervised release on Count One and three (3) years of supervised release on Count Two, such terms likewise to run concurrently.

### B.   Direct Appeal

Petitioner filed a direct appeal of his sentence to the Fourth Circuit Court of Appeals on  November 6, 2012. 4th Circ., No. 12-4881, ECF No. 23. As grounds

therein, Petitioner asserted the following:

1.      The District Court erred in denying the motion to suppress all of the evidence obtained during a traffic stop on October 5, 2011, and which led to the charge contained in Count One of the indictment and

2.      The District Court erred in denying the motion to suppress 404(b) evidence and in allowing 404(b) evidence to be introduced against him during the August 1, 2012, trial.

Id.

On August 6, 2013, in an unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals found no error in Petitioner's conviction and affirmed the District Court's decision. ECF No. 135.

On October 15, 2013, petitioner filed a writ of certiorari with the United States Supreme Court, which was denied on November 8, 2013. Irons v. United States, 134 S. Ct. 661 (2013).

**C.    Federal Habeas Corpus**

**Petitioner's Contentions**

In his federal habeas petition, Petitioner raises the following issues:

1.      ineffective assistance of counsel at trial because:

a.      counsel failed to properly investigate, develop, and present material witness for defense during police stop of vehicle;

b.      counsel failed to object when prosecutor misled the jury about the significance of video photograph which was unduly suggestive in violation of the due process;

c.      counsel failed to challenge defects in indictment of essential elements of charged offense;

d.      counsel failed to challenge search and seizure of records obtained from Defendant's mobile phone;

e.      counsel failed to challenge that prosecution engaged in misconduct in violation of the due process clause as follows:

(i)     violation of pretrial discovery

(ii)    presenting Robert Ankrom testimony in a fashion that

3

          implied he had identified Defendant in a previous drug crime in which engaged in prejudicial conduct by injecting passion and prejudice into the jury; and

    (iii)     prosecutorial misconduct during trial.

    f.     counsel failed to challenge New York Criminal Code with respect to prior conviction as being non-qualifying offenses for sentencing enhancement.

    g.     counsel failed to object to testimony of Mrs. Irons.

    h.     counsel failed to object to jury instructions on lack of physical evidence.

    i.     counsel failed to assist Defendant to effectuate an Appeal.

2.     ineffective assistance of appellate counsel for

    a.     failing to raise on direct appeal constitutional errors of fourth amendment search and seizure claim challenging the evidence that was obtained during a traffic stop.

    b.     failing to raise on appeal impeachment of prosecution witness.

3.     Defendant is being sentenced in violation of law under:

    a.     <u>Alleyne</u>

    b.     U.S.S.G. § 4B1.1, Career Offender Provision.

ECF No. 147. On July 1, 2016, Petitioner was granted leave to file an Addendum to his Motion to Vacate requesting relief under <u>Johnson</u> and <u>Hubbard</u> which alleged that he was sentenced under the residual clause of the career offender guidelines in violation of the constitution. ECF Nos.170 & 171.

**Government's Response**

1.     Petitioner's IAC claims against his trial counsel are defeated because:

    a.     Counsel's decision to not call Mary Jones as a witness was not deficient or prejudicial;

    b.     Petitioner cannot revisit the admission of Rule 404(b) evidence that has been affirmed on appeal;

    c.     Any challenge to purported defects in indictment was procedurally defaulted.

    d.     Counsel had no basis to challenge the jury instructions, which correctly stated the law.

    e.     Defendant's mobile phone was lawfully searched pursuant to a warrant, and the Fourth Circuit permitted warrantless searches of cell phones at the time of the trial.

    f.     Petitioner identifies no evidence of prosecutorial misconduct.

    g.     Petitioner was undeniably a career offender therefore his assertions of ineffective assistance of counsel with respect to

        prior convictions is moot.

    h.    Petitioner fails to demonstrate that defense counsel's decision to call Donna Irons as witness was deficient or prejudicial.

    i.    Petitioner fails to show that trial and appellate counsel's purported failure to assist defendant in post-conviction motions and appeals was either deficient or consequential.

2.    Petitioner's IAC claims against his appellate counsel are defeated because:

    a.    Appellate counsel had no legal basis to challenge the vehicular search in October, 2011.

    b.    Iron's complaints about defense counsel's cross examination are moot in light of the Fourth Circuit's affirmation of the judgement in this case.

3.    Petitioner fails to support his position that his sentence was unconstitutional and or unreasonable under Alleyene or the statute.

ECF No. 160. Lastly, the Government responded to Petitioner's <u>Johnson</u> and <u>Hubbard</u> claims stating that Petitioner is properly designated a career offender because his 1996 third-degree robbery conviction qualifies as a predicate offense under the force clause of the career offender sentencing guidelines, not the residual clause. ECF No. 174 at 6.

**3.    Petitioner's Reply**

In his reply, Petitioner reiterates his claims previously made in his § 2255 motion, and refutes the Government's position on the same. ECF No. 162. No reply was filed to the Government's Response to the Addendum.

**D.    Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 motion be denied and dismissed from the docket because there is no merit to either Petitioner's ineffective assistance of counsel claims or Petitioner's claims of unconstitutional sentencing.

### III.   <u>DISCUSSION</u>

**A.   Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255.  A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." <u>Sutton v. United States of America</u>, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

**B.   Procedurally Barred Claims**

Before evaluating the merits of Petitioner's claims, the Court must determine which of Petitioner's issues he may bring in his § 2255 motion and which are procedurally barred.

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182 (4th Cir. 1976).  Constitutional errors that were capable of being raised on direct appeal, but were not, may be raised in a § 2255 motion so long as the petitioner demonstrates: (1) "cause" that excuses his procedural default and (2) "actual prejudice" resulting from the alleged error. <u>United States v. Maybeck</u>, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. <u>See</u>

United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

Petitioner's Grounds One and Two: Petitioner may raise the issue of his counsel's ineffectiveness because claims of ineffective assistance of counsel are more appropriately raised on collateral attack than on direct appeal. See Richardson, 195 F.3d at 192.

Petitioner's Ground Three: Petitioner's claims of unconstitutional and unreasonable sentencing could have been pursued on appeal but were not. Petitioner fails to show cause for his failure to appeal the alleged errors in his sentence nor does he show "actual prejudice, accordingly Petitioner is procedurally barred from bringing his claims of unconstitutional sentencing. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982), and United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). However, since Petitioner's addendum raises Johnson and Hubbard claims, the court will address this issue on the merits.

**C.    The Merits of Petitioner's Grounds for Relief**

**1.    Ground One: Whether Petitioner's Trial Counsel was Ineffective**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court

"must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance.  To demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at  694.  If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

### a. Whether counsel was ineffective for failing to investigate, develop and present material witness for defense during police stop of vehicle

Claims of ineffective assistance of counsel for failure to investigate are analyzed in light of all circumstances, and while counsel "could well have made a more thorough investigation than he did . . . [n]evertheless, in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" Burger v. Kemp, 483 U.S. 776, 794 (1987) (quoting United States v. Cronic, 446 U.S. 648, 665 n.38 (1984)). In reviewing the deficient prong in claims of ineffective assistance of counsel, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. 668, 689-90 (1984). Strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the

limitations on investigation. Id. at 690-91.

In this case, Defendant alleges that Mary Jones was a material witness because she was the only person on the car rental agreement for the car Petitioner used on October 5, 2011. However, the evidence shows that Mary Jones was not present at the traffic stop on October 5, 2011; that Defendant was seen driving the car even though his licensed had been revoked for DUI; and that Petitioner tossed a container of cocaine to the floor during the course of the traffic stop. See ECF No. 132 & 133.

Accordingly, Defense counsel's failure to call Mary Jones as a witness was not deficient or prejudicial. There is no reasonable probability that the outcome of the proceedings would have been different had Mary Jones testified. The fact that the car rental agreement was in Mary Jones name was inconsequential. Petitioner was driving the vehicle when he was pulled over by the police and was the only person in the car at the time the K-9 unit alerted for drugs. The Court finds that Petitioner has failed to prove that counsel's performance in this area was deficient or that he was prejudiced by anything counsel did or did not do in this regard. This claim should be denied.

> **b.      Whether counsel was ineffective for failing to object when prosecutor misled the jury about the significance of 404(b) video which was unduly suggestive in violation of due process.**

Petitioner argues that the prosecutor misled the jury and, presumably, that defense counsel permitted this error to occur without objection. Specifically, Petitioner asserts that his counsel failed to object to the admission of November, 2006, controlled buy videos involving Defendant during his trial. However, Defense counsel did file a Motion to Suppress 404(b) evidence, which was heard on July 31, 2012. ECF No. 56.

Chief Judge John Preston Bailey entered an Order denying the Motion and making the following findings of fact:

> (1) the evidence is relevant to intent, particularly when placed in ongoing time continuum with a pattern of the same or similar alias, drug, geographical area, method of transportation, and method of holding money; (2) the evidence is probative of an essential claim or element of the crime; (3) the evidence is reliable; and (4) the probative value of the evidence is not substantially outweighed by confusion or unfair prejudice.

ECF No. 86. Additionally, this issue was appealed to the Fourth Circuit Court of Appeals, which affirmed the District Court's decision. ECF No. 135. Accordingly, Defense counsel was not deficient in his performance as he did object to this 404(b) video evidence and the decision of the District Judge to allow it was affirmed by the Fourth Circuit Court of Appeals. Claims by defendants that have already been addressed and rejected on direct appeal cannot be raised in a § 2255 Motion. See United States v. Roane, 378 F.3d 382, 397 (4th Circ. 2004). Accordingly, this claim should be denied.

### c.   Whether counsel was ineffective for failing to challenge defects in indictment of essential elements of charged offense.

Petitioner argues that conspiracy, in violation of 21 U.S.C. § 846, was clearly the charge in the indictment. However, he was tried, convicted and sentenced for possession with intent to distribute cocaine, in violation of U.S.C. § 841(a)(1). In reviewing the indictment [ECF No. 1], it is clear that Defendant was charged with possession with Intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). There is no reference in the Indictment to conspiracy or the conspiracy code section. Further, the jury instructions correctly stated the law with regard to the crime charged.

Defense counsel was not deficient in his performance as there was no defect in

the indictment or the jury instructions with regard to the charges against Defendant and this claim should be denied.

> **d.      Whether counsel was ineffective in failing to challenge search and seizure of records obtained from Defendant's mobile phone.**

Petitioner argues that Defense counsel was ineffective for failing to challenge the warrantless search of his cell phone. ECF No. 153 at 13. Pursuant to Petitioner's request, the Government provided the search warrant for Petitioner's cell phone. ECF No. 168. Defense counsel was not deficient in his performance as there was a valid search warrant for the contents of the cell phone and therefore no valid argument to suppress that evidence.

However, Defense counsel did file Motions to Suppress all evidence that was seized on October 5, 2011. ECF Nos. 56 & 70. The Court denied both of these motions on separate occasions. ECF Nos. 64 & 86. Additionally, this suppression issue was appealed to the Fourth Circuit Court of Appeals, which affirmed the District Judge's ruling. ECF. No. 135. Moreover, controlling Fourth Circuit precedent permitted warrantless searches of cell phones when this case was litigated. United States v. Murphy, 552 F.3d 405, 412 (4th Circ. 2009), overruled by Riley v. California, 134 S.Ct. 2473, 2485 (2014).

Defense counsel performance was not deficient as to the search of petitioner's cell phone and this claim should be denied.

> **e.      Whether counsel was ineffective for failing to challenge that prosecution engaged in misconduct in violation of the due process clause.**

Petitioner alleges several issues of misconduct by the Government: (1) failure to

inform defense that the confidential informant was offered leniency in state offense for his testimony; (2) using Ankrom's 404(b) testimony; (3) charging Defendant in federal court instead of state court and (4) using a visual aid during trial that said: Defendant/Winston Irons=Drug Dealer. ECF No. 153 at 17.

"[R]eversible prosecutorial misconduct generally has two components: that (1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Chorman, 910 F.2d 102, 103 (4th Cir. 1990) (internal quotations omitted).

Regarding Petitioner's first allegation, the confidential informant, James Ours, testified at trial that he got arrested for DUI and the state government agreed to reduce his charge if he would help the local police with an investigation of Donna Chipps. ECF 133 at 75:4-25. James Ours further testified that he had no agreement with federal government. Id. Clearly, the jury was informed that the confidential informant, James Ours, did have an agreement with the state government for a reduction in charges for his state DUI charge if he would help with the investigation of Donna Chips. The Government asserts that defense counsel was aware of the confidential informant's incentive to cooperate well before trial. Resp. at 12, ECF No. 160. The undersigned finds no evidence that the prosecutor's conduct was improper. Nor does the undersigned find any prejudice to Petitioner's rights since the Government clearly presented evidence of the incentive to the confidential informant at trial. There is no merit to this claim.

The second allegation is the introduction of Deputy Ankrom's 404(b) testimony.

Notice that 404(b) evidence would be introduced at trial was given to Petitioner on July 17, 2012. ECF No. 49. District Judge Bailey permitted this evidence and instructed the jury on it. ECF No. 131 at 132:6-25 & 133:1-6. Petitioner appealed this issue to the Fourth Circuit and the Fourth Circuit affirmed District Judge Bailey's ruling allowing the evidence. ECF No. 135. The undersigned finds no evidence that the prosecutor's conduct was improper. Nor does the undersigned find any prejudice to Petitioner's rights since the trial court allowed the evidence and that decision was affirmed by the Fourth Circuit Court of Appeals. There is no merit to this claim.

The third allegation is that the prosecution charged Petitioner in federal court instead of state court. To establish selective prosecution, Petitioner must show discriminatory effect and discriminatory purpose. See United States v. Olvis, 97 F.2d 739, 743 (4th Cir. 1996). Petitioner asserts that only state law enforcement was involved in the arrest; therefore, the charges should have been brought in state court. ECF No. 153 at 17. There is no law to support this proposition. The undersigned finds no evidence that the prosecutor's conduct was improper. Nor does the undersigned find any prejudice to Petitioner's rights since his case was properly brought in federal court. There is no merit to this claim.

Petitioner's final allegation with respect to alleged prosecutorial misconduct is that the prosecution allegedly used a visual aid during closing argument that displayed the following: "DEFENDANT/WINSTON IRONS=DRUG DEALER." ECF 153 at 17. The Government alleges that using a visual aid during the closing argument in a drug prosecution is acceptable and common place. ECF No. 160 at 12.

The use of charts and other visual aids in closing argument to the jury are

generally permissible within the discretion of the court. See United States v. Waddell, 62 F.App'x. 491 (4th Cir. 2003). There is no information in the trial transcript regarding the use of a visual aid during closing argument. However, the Court instructed the jury that "Questions, statements and arguments of counsel are not evidence in the case." ECF NO. 80 at 4. Since there is no evidence that Petitioner was unfairly prejudiced by the use of the visual aid, the Court finds there is no merit to this claim.

The Court determined above that the AUSA did nothing improper nor was any of this conduct prejudicial to Petitioner. As a result, petitioner cannot establish the improper conduct/remark prong or prejudicial prong for reversible prosecutorial misconduct. Furthermore, if there was no prosecutorial misconduct, counsel cannot be considered deficient in his performance under Strickland and Petitioner's claim fails.

> **f.   Whether counsel was ineffective for failing to challenge New York Criminal Code with respect to prior conviction as being non-qualifying offenses for sentencing enhancement.**

As will be discussed more fully below in Ground Three, Petitioner does qualify as a career offender. Therefore, counsel cannot be considered deficient in his performance under Strickland. Petitioner's claim fails.

> **g.   Whether counsel was ineffective for failing to object to testimony of Mrs. Irons.**

Petitioner alleges that counsel was ineffective for not objecting the Government's cross examination of Mrs. Irons and that counsel was ineffective for failing to prepare Mrs. Irons for the stand. ECF 153 at 22. Petitioner further alleges that "counsel did not investigate, contact or speak to Mrs. Irons before the day of trial." Id. However, in a colloquy with the Court regarding advising Mrs. Irons of her fifth amendment rights and discussion of whether she would show up to testify, defense counsel stated, "She has

consistently told me that she does [want to testify]." ECF 133 at 161. The Court finds

from the trial transcript that at a minimum defense counsel contacted Mrs. Irons and she

informed him that she wanted to testify. Therefore, Petitioner's allegations that defense

counsel did not speak with Mrs. Irons prior to the trial appear to be false.

Apparently, Mrs. Irons testified as expected or Defendant would have taken the

stand. After the Court inquired as to whether a decision had been made whether

Defendant would testify, defense counsel stated, "No, not yet. It's probably going to

have to wait until Chipps [Mrs. Irons] testifies. If she screws him over, he may want to

take the stand. But if she comes through, he probably won't." Id. Further on direct

examination, Mrs. Irons testified that in September of 2011, she called the police and let

them know cocaine would be in the car Winston was driving but they didn't pull him

over. Id. at 179. She further testified that the cocaine belonged to Petitioner's brother,

Jeremiah and at that time, Petitioner did not know the cocaine was in the car. Id. She

further testified that the rental car Petitioner used on October 5, 2011, was the same

vehicle Petitioner's brother had been using. Id.

Petitioner alleges that defense counsel should have objected to the cross

examination of Mrs. Irons. ECF 153 at 22. However on cross examination, Mrs. Irons

testified that her husband deals marijuana not cocaine. ECF No. 133 at 186:4-8.

Petitioner specifically alleges that defense counsel should have objected to a picture of

Mrs. Irons taken during a controlled buy in 2010 that was presented to Mrs. Irons during

cross examination for verification. ECF 153 at 22. Although Defense counsel did not

object to this photo, on redirect, defense counsel asked Mrs. Irons if Petitioner was

incarcerated from 2008 until 2010 and she confirmed that he was. ECF No. 133 at

191:18-22.

The trial testimony of Mrs. Irons appears favorable to Petitioner. It does not appear that Defense counsel's performance was deficient in failing to prepare her or in objecting to a photograph of her from a controlled buy.

Through this ineffective assistance of counsel claim, Petitioner now wants this Court to review and second-guess the trial strategies of the defense counsel. Such review, however, is not appropriate. See Cone v. Bell, 535 U.S. 685, 698 (2002) (quoting Strickland, 466 U.S. at 689) (internal quotations omitted) ("[J]udicial scrutiny of a counsel's performance must be highly deferential and . . . every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time."). Only if counsel's strategy was so deficient that it rendered "the result of the trial unreliable or proceedings fundamentally unfair" can a petitioner overcome the presumption that defense counsels' chosen trial strategies and tactics were acceptable. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

In this case, Petitioner failed to show that the result of the trial is unreliable or that defense counsel's actions made the proceedings fundamentally unfair. Moreover, Petitioner has failed to establish that any of the strategies or tactical decision made by defense counsel prejudiced him at trial. Accordingly, Petitioner's claim on this issue lacks merit and should be dismissed.

**h.    Whether counsel was ineffective for failing to object to jury instructions on lack of physical evidence.**

Petitioner argues that defense counsel was ineffective for failing to object to the following jury instruction:

You may consider facts in deciding whether the Government has met its burden of proof, because you should look at all the evidence – or lack of evidence- in deciding whether the defendant is guilty. However, you are also instructed that there is no legal requirement that the Government use any specific investigative technique to prove its case. Therefore, the Government is not required to present such evidence for you to find the defendant guilty.

ECF No. 80 at 17. Petitioner specifically states that "physical evidence was an essential element of . . . Defendant's argument of innocence." ECF No. 153 at 23.

The challenged instruction is very similar to the instruction that was challenged and upheld in United States v. Mason, 954 F.2d 219, 222 (4th Cir.1992). The instructions, viewed in their entirety, did not mislead the jury into believing that it could not consider and weigh the type of evidence that was presented. Rather, the instruction properly emphasized the Government's burden of proof, but also noted that the Government was not required to prove its case in any particular manner. See, e.g., United States v. Arrington, 719 F.2d 701, 705 (4th Cir.1983) ("[U]ncorroborated testimony of one witness may be sufficient to sustain a verdict of guilty.").

Defense counsel was not deficient for failing to object to the instruction as it was proper and appropriate in this case. Although defense counsel argued and the jury considered the lack of video evidence and finger print evidence, ultimately the jury found that the evidence that was provided was enough to convict Defendant. Defense counsel was not deficient and there was no prejudice. Accordingly, Petitioner's claim on this issue lacks merit and should be dismissed.

### i.   Whether counsel was ineffective for failing to assist Defendant effectuate an Appeal

Petitioner's allegation that both trial and appellate counsel failed to assist Defendant in post-conviction proceedings is meritless. An appeal was timely filed and

Appellant Counsel filed a thirty-five page brief on behalf of Petitioner. On August 6, 2013, in an unpublished per curiam opinion, the Fourth Circuit Court of Appeals found no error in Petitioner's conviction and affirmed the District Court's decision. ECF No. 135.

Petitioner is not entitled to court appointed representation for this section 2255 motion. Petitioner refers to no particular facts and cites no authority for his position. Therefore, the court cannot find that trial counsel or appellate counsel's conduct were deficient or prejudicial. Petitioner's claim lacks merit and should be dismissed.

### 2.	Ground Two: Whether appellate counsel was ineffective

### a.	Whether appellate counsel was ineffective for failing to raise on direct appeal constitutional errors for Fourth Amendment search and seizure claims challenging the evidence that was obtained during a traffic stop

Petitioner argues that appellate counsel was ineffective for failing to raise "standing" to refuse the search of the vehicle as an issue, which was raised during the suppression hearing before Magistrate Judge Kaull. ECF No. 153 at 25. Petitioner takes the court's comments regarding that issue out of context. All parties agreed at the hearing before Magistrate Judge Kaull that Petitioner was stopped for driving with a revoked license. ECF No. 132 at 41. Defense counsel's argument during the suppression hearings was that the "search of the vehicle without Mr. Iron's consent, when he absolutely refused" is an illegal search and the fruits of that search should be suppressed. Id. at 41:15-18. The Court then questioned whether Petitioner had standing to refuse the search of the car since it was a borrowed rental car in another person's name. Id. at 41:19. Then a discussion between the attorneys ensued as to whether there was any evidence that Defendant had permission of the renter of the car

18

to use the vehicle. Defense counsel argued that if Petitioner had been given permission to use the car then he would have standing to refuse the search. Id. at 43:1-4. Although Magistrate Judge Kaull commented that this would be an interesting argument for the Fourth Circuit, his later comments clearly indicate that the search was legal regardless of Petitioner's refusal to allow the search. Id. The Court held that "[t]he search of the vehicle, whether it be based on the alert of the dog or inevitable discovery through impoundment, the search – the fruits of that search would have been discovered anyhow."

The standard of effective assistance of appellate counsel is the same as for trial counsel. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) ("In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness in light of the prevailing norms, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") (internal citations and quotations omitted). On review, however, appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Moreover, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal." Bell v. Jarvis, 236 F.3d at 164. Instead, "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 752 (1983); see also Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989). "Indeed, winnowing out weaker arguments on appeal and focusing on

those more likely to prevail, far from being evidence of incompetence, is the landmark of effective advocacy." Bell v. Jarvis, 236 F.3d at 164 (quoting Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotations omitted). However, although it is "still possible to bring a Strickland claim based on counsel's failure to raise a particular claim" on direct appeal, demonstrating that counsel was incompetent for failing to do so will be difficult. Smith v. Robbins, 528 U.S. 259, 288 (2000). "Generally only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

Although appellate counsel did raise the suppression of evidence issue on appeal, Petitioner argues that appellate counsel did not address his standing to refuse the search of the car. District Judge Bailey agreed with Magistrate Judge Kaull and in his Order adopting the Report and Recommendation he held:

> . . . an "alert" by a trained narcotics dog constitutes probable cause for a search. United States v. Jeffus, 22 F.3d 554, 557 (4th Cir. 1994).

ECF No. 64 at 5-6. Permission of the occupant of the vehicle to search was not an issue because the "alert" from the trained narcotics dog constituted probable cause. Appellant counsel was not deficient for failing to raise this issue on appeal and Petitioner was not prejudiced by the action as the argument lacked merit.

### b. Whether appellate counsel was ineffective for failing to raise on appeal impeachment of prosecution witness.

Petitioner claims that appellate counsel failed to bring an ineffective assistance of counsel claim issue during appeal for trial counsel's failure to cross examine the police officer with regard to pulling up his driving revoked record if the only name they had at the time was "Tony." ECF No. 153 at 28. However, the confidential information

testified as follows:

> Q.   Sir, do you have a relationship with Winston Irons, also known as –
>      or the defendant in this case?
> A.   We've been friends for a lot years, yes.
> Q.   What—does he have any nicknames or other names he goes by?
> A.   Tony is the only thing I knew him by.
> Q.   Did you know his real name?
> A.   I didn't until later.
> Q.   Now, when did you meet the defendant, roughly?
> A.   Roughly eight to ten years ago.

ECF No. 133 at 72. There is no indication from this colloquy as to exactly when the confidential informant knew Petitioner's real name but it is clear that they had a close relationship with each other spanning close to a decade. Id.

Although it is "still possible to bring a Strickland claim based on counsel's failure to raise a particular claim" on direct appeal, demonstrating that counsel was incompetent for failing to do so will be difficult. Smith v. Robbins, 528 U.S. 259, 288 (2000). "Generally only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

In this case, appellate counsel chose to present on appeal the fourth amendment issue and the 404(b) issues that were clearly stronger than a claim of ineffective assistance of counsel for failing to cross examine on the issue of identity. The confidential informant clearly identified Defendant, Winston Irons, also known as "Tony" as his friend for close to a decade. It is unlikely cross examination of the police officers on this issue would have altered the verdict in this case. Petitioner's claim on this issue should be denied as lacking merit.

**3.    Ground Three: Whether Defendant was sentenced in violation of law**

Petitioner's objections in ground three focus on the application of U.S.S. G. § 4B1.1, the career offender section of the sentencing guidelines. ECF No. 153 at 29. Although Petitioner failed to assert any of these ground on direct appeal, the Court will consider them as they have no merit and should clearly be dismissed. In so far as Petitioner suggests that Alleyne v. United States, 133 S.Ct. 2151 (2013) applies to his case, he is mistaken. In Alleyne, the Supreme Court held that "any fact that increases the mandatory *minimum* [sentence] is an 'element' that must be submitted to a jury." Id. at 2155. The career offender guideline enhancement, by contrast, does not increase the mandatory minimum sentence of any offense. Rather, it increases the *advisory* guideline range, from which the district court may lawfully vary. See, e.g.,U.S.S.G. § 4B1.1(b); Gall v. United States, 522 U.S. 38, 46-47 (2007).

On July 1, 2016, the undersigned granted leave for Petitioner to file an addendum to this section of his motion addressing his claims under Johnson and Welch v. United States, 136 S.Ct. 1257 (2016), pending the United States Supreme Court's ruling in Beckles v. United States, 2016 WL 1029080, which will address the dispositive issues in this case.[2] ECF No. 171. The Government filed a response to the Addendum on this issue asserting four reasons the claim should be denied. ECF No. 174 at 3. First, Petitioner has two valid predicate convictions for crimes of violence to which Johnson would not apply. Id. Second, his claim is time-barred. Id. Third, Johnson, as applied to

---

[2] The Fourth Circuit recently issued a decision which addressed the term "crime of violence" in § 4B1.2. See In re Hubbard, 2016 WL 3181417 (4th Cir. June 8, 2016). Although the Court did not find that the career offender residual clause unconstitutional *per se*, it did grant the petitioner leave to file a successive § 2255 motion. Moreover, the United States Supreme Court recently granted a writ of certiorari in Beckles v. United States, 2016 WL 1029080 (June 27, 2016). Among the issues presented in the case is whether Johnson applies retroactively to collateral cases challenging federal sentences under the residual clause in USSG § 4B1.2(a)(2) (defining "crime of violence").

the Sentencing Guidelines, is procedural and does not apply retroactively to cases on collateral review. Id. Fourth, Petitioner's claim is procedurally defaulted because Petitioner failed to argue on direct appeal that the residual clause of the career offender guideline is vague. Id.

Without addressing the other three valid issues raised in the response, the Court finds that Petitioner was properly designated as a career-offender. Petitioner's 1996 third-degree robbery conviction qualifies as a predicate offense under the force clause of the career-offender Sentencing Guidelines thereby providing two prior qualifying offenses. [3]

In Johnson, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S.Ct. at 2555-57. The only portion of the ACCA that was invalidated was the residual clause defining "violent felony" as any crime punishable by more than one year in prison that "or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." 18 U.S.C. § 924(e)(2)(B)(ii). Specifically, this means that the provision of the ACCA defining "serious drug offense" under 18 U.S.C. § 924(e)(2)(A) remains in full force and effect. Additionally, the provision of the ACCA defining "violent felony" as any crime punishable by more than one year in prison that 18 U.S.C. § 924(e)(2)(B): "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves explosive," remains in full force and effect as well. Therefore, it is only a very narrow portion of the definition of "violent felony" that has been held unconstitutional.

---

[3] Petitioner's second qualifying offense was a 1998 conviction for Bank Robbery.  PSR, ECF No. 113 at 17, ¶71.

Since Johnson was decided, many prisoners who were given enhanced

sentences under § 4B1.1 of the United States Sentencing Guidelines ("USSG") as

career offenders have challenged their sentences by arguing as Petitioner does here

that the residual clause of the career enhancement 4B1.2(a)(2) is unconstitutionally

vague.[4] The residual clause of USSG § 4B1.2(a)(2) is identical to the residual clause in

the ACCA that Johnson ruled unconstitutional. Like the ACCA, only a narrow portion of

§ 4B1.2(a)(2) defining "crime of violence" would be applicable if the U.S. Supreme

Courts holds that the residual clause of USSG § 4B1.2(a)(2) is unconstitutional as well.

Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1. At the

time, the relevant provision read:

> A defendant is a career offender if (1) the defendant was at least eighteen
> years old at the time the defendant committed the instant offense of
> conviction; (2) the instant offense of conviction is a felony that is either a
> crime of violence or a controlled substance offense; and (3) the defendant
> has at least two prior felony convictions of either a crime of violence or a
> controlled substance offense.

U.S.S.G. § 4B1.1. In turn, this provision relied on § 4B1.2 for definitions of key terms. At

that time, the following definitions were provided:

> (a)   The term "crime of violence" means any offense under federal or
>        state law, punishable by imprisonment for a term exceeding one
>        year, that –
>
>        (1)   has an element the use, attempted use, or threatened use of
>               physical force against the person of another, or
>
>        (2)   is burglary of a dwelling, arson, or extortion, involves use of
>               explosives, **or otherwise involves conduct that presents
>               a serious potential risk of physical injury to another.**
>
> (b)   The term 'controlled substance offense' means an offense under
>        federal or state law, punishable by imprisonment for a term
>        exceeding one year, that prohibits the manufacture, import, export,

---

[4] See footnote 2 above.

distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(c)     The term 'two prior felony conviction' means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

U.S.S.G. § 4B1.2 (emphasis added).

The residual clause of § 4B1.2(a)(2), contained the same language as the ACCA which was struck down as unconstitutional in Johnson. Moreover, the Court acknowledges that some defendants sentenced as a career offender under the residual clause of § 4B1.2(a)(2) may be entitled to relief if the holding in Johnson is extended to career offenders.[5] However, the instant case does not require such analysis. Petitioner's two prior convictions which resulted in his career offender status were felony convictions for third-degree robbery. Neither were "crimes of violence" as defined in the "or . . ." section of 4B1.2(a)(2), also known as the residual clause.

According to the PSR and at sentencing, Petitioner was a career-offender because he had three prior qualifying convictions.[6] The convictions were as follows: (1) Petitioner plead guilty on March 20, 1996, to third-degree robbery. PSR, ECF No. 113 at

---

[5] The U.S. Supreme Court has not made a decision as to whether the residual clause of U.S.S.G. § 4B1.2 is unconstitutional. For more information on this matter, please see the cases cited in the footnote above.

[6] Petitioner only needed two prior qualifying convictions. See U.S.S.G. § 4B1.2(a)(1).

17, ¶ 69. (2) He was convicted of Bank Robbery on April 3, 1998. Id. at 18, ¶ 71. (3) Lastly, Petitioner plead guilty to fleeing while driving under the influence of alcohol on April 29, 2009. Id. at 113, ¶ 77. Petitioner alleges that his 1996 conviction for third-degree robbery and his 2008 conviction for fleeing while driving under the influence of alcohol are no longer crimes of violence in light of the ruling in Johnson. ECF No. 170.

However, the 1996 third-degree robbery conviction is a valid predicate offense under the career offender guideline § 4B.1.2(a)(1) because the crime has an element of the use, attempted use, or threatened use of physical force against the person of another. Accordingly, Petitioner was not adjudged a career offender based on the definition of "crime of violence" as set forth in the residual clause of U.S.S.G. § 4B1.2(a)(2), and his argument that Johnson renders his sentence void lacks merit.

## IV.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 2:14CV90, ECF No. 1; Criminal Action No. 2:12CR16, ECF No. 147] be **DENIED** and **DISMISSED** for the reasons set forth above. Additionally, the Government alternative Motion [ECF No. 174] to Stay, is **DENIED** as Petitioner is not eligible for relief on the merits.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this

recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** August 9, 2016

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE