IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

WINSTON R. IRONS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO. 2:14-CV-90
CRIMINAL ACTION NO. 2:12-CR-16
(BAILEY)

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Civ. Doc. 13; Crim. Doc. 175]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on August 9, 2016, wherein he recommends this Court deny and dismiss the petitioner's § 2255 motion.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91,

1

94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on August 15, 2016. [Civ. Doc. 14; Crim. Doc. 175]. The petitioner timely filed his Objections on August 26, 2016. [Civ. Doc. 15 / Crim. Doc. 177]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

**I.     BACKGROUND**

On August 1, 2012, the petitioner was convicted by a jury as to both Count 1 & 2 of the Indictment, Possession with Intent to Distribute Cocaine, in violation of 18 U.S.C. § 841(a)(1), and Possession with Intent to Distribute Less than 50 Kilograms of Marijuana, in violation of 18 U.S.C. § 841(a)(1). [Crim. Doc. 81]. On October 23, 2012, the petitioner was sentenced to a term of 240 months' imprisonment on Count 1 and a term of 60 months' imprisonment on Count 2, to be served concurrently with one another [Crim. Doc. 114]. The petitioner filed a direct appeal, and the Fourth Circuit affirmed the District Court's judgment by *per curiam* opinion on August 6, 2013 [Crim. Doc. 135]. *Certiorari* was denied on November 8, 2013.

**II.     DISCUSSION**

On November 24, 2014, the petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Civ. Doc. 1; Crim. Doc. 147]. Therein, the petitioner alleges: (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel, and (3) that he is being sentenced in

violation of *Alleyne* and USSG § 4B1.1's career offender provision. The R&R thoroughly addressed each argument and found each to be procedurally barred or lacking in merit. Petitioner filed several points of objection to the R&R, which this Court will address in turn.

The first two objections claim that because the magistrate judge did not address two recently submitted affidavits – that of the petitioner and James Ours – the magistrate judge "acknowledges it as a fact of law." This Court will attempt to address these objections if it must. First, the "Affidavits" are unsworn. Second, they are dated after the trial and conviction occurred. As for the petitioner's Affidavit, it is clearly self serving. As to James Ours', all it declares is that a guy named "Tony" was bringing narcotics to Buckhannon. It is not clear what value the Ours Affidavit is supposed to have; this Court only notes that the petitioner's alias is "Tony." These objections are **OVERRULED**.

Petitioner next asserts that his sentencing was unreasonable and could have and should have been pursued on appeal; therefore, he argues it should not be procedurally barred. Although procedurally barred, the R&R nevertheless addresses this claim under an ineffective assistance of counsel analysis. Petitioner thus asserts in the alternative that "counsel never adhered to the concerns of the petitioner and thus no issue petitioner thought relevant was ever included in counsel's appeal." [Doc. 15 at 2]. The petitioner fails to expand, however, on what matters he believed were relevant or what he asked counsel to pursue but did not. This Objection is **OVERRULED**.

Petitioner next asserts that trial counsel was ineffective for his alleged failure to investigate, develop, and present a material witness, Mary Jones. Petitioner asserts that Ms. Jones would have testified that she was present during the October 5, 2011, traffic

3

stop. The evidence presented at trial, however, clearly established that Mary Jones was not present at the stop, that petitioner was seen driving the car on a revoked license for DUI, and that petitioner tossed a container of what was discovered to be cocaine to the floor during the traffic stop. See Docs. 132 & 133. This Court finds that any failure to call Mary Jones as a witness was not deficient or prejudicial. This objection is **OVERRULED**.

Petitioner next objects that counsel never objected to the identity of the person in the 404(b) video evidence. As the magistrate judge correctly noted in the R&R, however, defense counsel filed a Motion to Suppress 404(b) evidence, which this Court denied. This decision was also appealed and affirmed. Counsel's performance was not deficient. This Objection is **OVERRULED**.

The next "objection" is posed as the following question: "Was the Indictment signed by the U.S. Attorney?" To the extent that this is an objection, the same is **OVERRULED** as the Indictment was signed by Assistant United States Attorney Andrew Cogar.

Next, petitioner asserts counsel failed to challenge that the Government engaged in misconduct by using visual aids during opening argument and that counsel failed to question why this case was brought in Federal Court as opposed to state court. First, visual aids are permitted in this Court's discretion, and the jury was properly instructed that arguments of counsel, which certainly includes visual aids, are not evidence, nor were they permitted in the jury room for deliberations. *See **United States v. Waddell***, 62 Fed.Appx. 491 (4th Cir. 2003). This Objection is **OVERRULED**.

As to the petitioner's claim of selective prosecution, the petitioner must show discriminatory effect and discriminatory purpose. *See **United States v. Olvis***, 97 F.2d 739,

4

743 (4th Cir. 1996). Petitioner's main argument is that because state law enforcement made the arrest, the charges should have been brought in state court. Petitioner cites no law in support of his position. The petitioner committed federal crimes; therefore, this Court had jurisdiction, a Federal Indictment was brought to formally charge him in Federal Court, and he was convicted by a jury in Federal Court. This Objection is **OVERRULED**.

Petitioner next asserts that counsel never interviewed or investigated his only witness, Donna Irons, prior to her taking the stand. The trial transcript, however, clearly shows that they had previously spoken. In a colloquy with this Court regarding whether Donna Irons was advised as to her Fifth Amendment rights and whether she would show up to testify, defense counsel stated, "She has consistently told me that she does [want to testify.]" [Doc. 133 at 161]. This Objection is **OVERRULED**.

Next, petitioner complains about counsel's trial strategy. This Objection is **OVERRULED**. This Court's review does not include second-guessing the trial strategies of defense counsel unless it is so deficient that it rendered "the result of the trial unreliable or proceedings fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). "Judicial scrutiny of a counsel's performance must be highly deferential and . . . every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time." *Strickland*, 466 U.S. at 689. The undersigned was the trial judge for this case. This Court finds no such showing of unreliability or fundamentally unfair proceedings.

Petitioner next attacks appellate counsel. This time, he makes a bizarre attempt to

5

make a **Brady v. Maryland**, 373 U.S. 83 (1963), argument by producing a post-trial, unsworn Affidavit purportedly signed by James Ours. **Brady** materials, however, consist of exculpatory or impeaching evidence that is material to the guilt or innocence of the defendant, which shall be disclosed *before* trial. **Id**. Petitioner makes no argument that the Government possessed this Affidavit and failed to disclose it. The post-trial Affidavit of of James Ours serves no purpose other than to attempt to recant his testimony. This Objection is **OVERRULED**.

Finally, petitioner argues in an Addendum to Objections [Civ. Doc. 16] that pursuant to the Supreme Court's decision in **Johnson v. United States**, 135 S.Ct. 2551 (2015), his career offender status is no longer valid because his convictions fall under the "residual clause." Subsequent to the petitioner's sentencing, the Supreme Court issued its decision in **Johnson v. United States**, 135 S. Ct. 2551 (2015), holding that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague.[1] Subsequently, in **Welch v. United States**, 136 S. Ct. 1257 (2016), the Supreme Court held that **Johnson** announced a substantive rule that applies retroactively on collateral review. And recently, in **In re Hubbard**, No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016), the United States Court of Appeals for the Fourth Circuit discussed the applicability of the **Johnson** holding to the career offender provision.[2] Here, the petitioner asserts that these holdings rendered his

---

[1] The residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) defines a "violent felony" as including any crime punishable by imprisonment for a term exceeding one year that "involves conduct that presents a serious potential risk of physical injury to another."

[2] United States Sentencing Guidelines § 4B1.2(a)(2), which defines the term "crime of violence" as that term is used in the career offender provision, included a residual clause virtually identical to the clause that the Supreme Court deemed unconstitutionally vague

sentence of imprisonment unlawful, necessitating a prompt resentencing.

The Fourth Circuit, however, left open the question of whether, under **Johnson**, the definition of "crime of violence" in the Sentencing Guidelines is unconstitutionally vague. See **Hubbard**, 2016 WL 3181417, at *4.  The Supreme Court of the United States recently held that "the Guidelines are *not* subject to a vagueness challenge under the Due Process Clause."  **Beckles v. United States**, 580 U.S. ___, No. 15-8544, Slip op. at 5 (Mar. 6, 2017)(Thomas, J.)(emphasis added).  Accordingly, the petitioner's career offender argument fails.

## III.   CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the Report and Recommendation **[Civ. Doc. 13; Crim. Doc. 175]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Accordingly, this Court **ORDERS** that the petitioner's § 2255 petition **[Civ. Doc. 1; Crim. Doc. 147]** be **DENIED** and **DISMISSED WITH PREJUDICE**.  The United States Motion to Stay Proceedings on Amended Motion **[Civ. Doc. 12 / Crim. Doc. 174]** is **MOOT**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

---

in **Johnson**.

7

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: May 2, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE